### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### HUNTINGTON DIVISION

| | |
|---|---|
| **LAMONT COCHRAN,** ) | |
| ) | |
| **Movant,** ) | |
| ) | |
| v. ) | **Civil Action No. 3:05-0332** |
| ) | **(Criminal No. 3:00-0248)** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

Pending is Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody filed on April 22, 2005. (Document No. 130.) [1] Movant has also filed a Memorandum in Support. (Document No. 131.) Respondent filed a Response on April 26, 2010. (Document No. 151.) Having examined the record, the undersigned finds that Movant filed his Motion beyond Section 2255's one-year period of limitation and has not demonstrated that he pursued his rights under Section 2255 diligently or that extraordinary circumstances existed which prevented him from filing his Motion such that equitable tolling is appropriate. The undersigned therefore respectfully recommends that Movant's Motion be dismissed as untimely.

### FACTUAL AND PROCEDURAL BACKGROUND

By Indictment filed on January 5, 2001, Movant was charged along with two others with conspiring to distribute and distributing hydromorphone in violation of 21 U.S.C. § 846 (Count One)

---

[1] Because Movant is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

and 841(a)(1) (Counts Two through Four), aiding and abetting the distribution of hydromorphone in violation of 18 U.S.C. § 2 (Counts Three and Four) and conspiring to commit money laundering in violation of 18 U.S.C. § 1956(h) (Count Five). United States v. Cochran, Criminal No. 3:00-0248, Document No. 1. On June 12, 2001, Movant entered a guilty plea to Count Five of the Indictment charging him with conspiring to commit money laundering. Id., Document No. 61. The District Court sentenced Movant on August 30, 2001, to a 144 month term of imprisonment and a three year term of supervised release and imposed a $4,000 fine and a $100 special assessment. Id., Document No. 81. Movant appealed his sentence contending that the District Court erred in finding him a leader or organizer in the underlying drug offense and determining his base offense level under the United States Sentencing Guidelines, and the Fourth Circuit Court of Appeals affirmed Movant's sentence. United States v. Cochran, 38 Fed.Appx. 863, 2002 WL 1162317 (C.A.4(W.Va.). Movant petitioned the United States Supreme Court for review, and review was denied on October 15, 2002. Cochran v. United States, 535 U.S. 962, 123 S.Ct. 389, 154 L.Ed.2d 316 (2002). Movant filed his Section 2255 Motion initiating this matter on April 22, 2005, about two and a half years after the United States Supreme Court denied his petition for review. (Document No. 130.) Movant contends that his trail attorney was ineffective in representing him such that his rights under the Sixth Amendment of the United States Constitution were violated. It appears that Movant is asserting that his trial counsel was ineffective in objecting to the District Court's finding that he was a leader or organizer in the underlying drug offense and enhancing his offense level by four levels. (Id., p. 5.) Movant also asserts that the enhancement of his sentence based upon his leadership role should be vacated citing the United States Supreme Court's decisions in Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), on June 25, 2004, and United States v. Booker, 543 U.S.

220, 125 S. Ct. 738, 160 L.Ed.2d 621 (2005), on January 12, 2005, because he did not admit that he was a leader or organizer in the underlying drug offense and a jury did not find him to be. (Id., p. 6.) Movant further appears to contend that he is entitled to a downward departure because he "has a serious medical condition which has been diagnosed since being incarcerated in the Federal Bureau of Prisons." (Id., p. 5.) Movant also addresses the applicability of the one-year statute of limitations asserting that it should be tolled because he "has been diagnosed with a serious and debilitating disease which is life threatening and at the end causes death." (Id.) Movant elaborates upon his assertions in his Memorandum in Support. (Document No. 131.)

On April 7, 2005, the Court filed an Order and Notice Concerning Request for Post-Conviction relief under Blakely v. Washington notifying Movant that because the law respecting the retroactive applicability of Blakely was unsettled, this matter was held in abeyance pending rulings of the appellate Courts on the issue. (Document No. 135.) By Order filed on September 14, 2006, the Court gave Movant "an opportunity to supplement the motion, provide details concerning his illness and medical records indicating the disease from which he suffered or suffers, its duration and the period during which he was hospitalized." (Document No. 136.) On October 3, 2006, Movant filed a letter stating that "[o]n 9/10/02 I was found unconscious and was incapacitated for fourteen days due to coma from a crisis of myasthenia gravis due to an overdose of an anticholinesterase drug called mestinon. I spent eighteen (18) months in a medical facility and five months in transit." (Document No. 137.) Movant attached to his letter a copy of medical progress notes and a Day of Discharge Form indicating that he was hospitalized at the Milton S. Hershey Medical Center on September 10, 2002, "after being found unresponsive at the prison." His condition was "indicative of myasthenia gravis. . . . Physical exam and acute onset would be

consistent with an overlying Guillain-Barre syndrome." Movant was discharged from the hospital on September 20, 2002. Movant also attached copies of articles containing information about myasthenia gravis and its symptoms.

By Order filed on November 16, 2006, the Court required Respondent to file a response to Movant's Section 2255 Motion within thirty days. (Document No. 138.) Respondent did not file a Response until April 26, 2010, because "due to an oversight, the Court's Order went unnoticed until most recently." (Document No. 151, p. 2.) Respondent asserts that Movant's Section 2255 Motion is untimely and the circumstances which he has alleged and documents which he has submitted respecting his medical condition do not pertain to the period of time during which the Section 2255 one-year period of limitation was running or suffice as a basis for considering the period of limitations equitably tolled.

## **DISCUSSION**

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act [AEDPA], which established a one-year period of limitation governing the filing of motions for collateral relief under 28 U.S.C. § 2255. Section 2255 provides that the one-year period runs from the latest of one of four specified events:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making the motion created by government action in violation of the Constitution or laws of the United States is removed, if movant was prevented from making a motion by such government action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could

have been discovered through the exercise of reasonable diligence.

Movant's sentence became final on October 15, 2002, when the United States Supreme Court denied his petition for review. Movant had one year thereafter or until October 15, 2003, to file a Section 2255 Motion. On April 22, 2005, approximately a year and a half after the one-year period expired, Movant filed the instant Motion raising issues respecting matters in Criminal No. 3:00-0248. Movant's Motion is therefore clearly untimely and must be dismissed unless circumstances are evident which would permit the equitable tolling of the one-year period of limitation.

The one-year period of limitation is procedural, not jurisdictional, and therefore may be equitably tolled. United States v. Prescott, 221 F.3d 686, 688 (4th Cir. 2000)("§ 2255's limitation period is subject to equitable modifications such as tolling."). The Fourth Circuit, however, has held that equitable tolling "must be reserved for those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003), cert. denied, 541 U.S. 905, 124 S.Ct. 1605, 158 L.Ed.2d 248 (2004); see also Harris v. Hutchinson, 209 F.3d 325, 329 - 30 (4th Cir. 2000)(equitable tolling should apply only where the petitioner is prevented from asserting his claim by wrongful conduct of the respondent or where extraordinary circumstances beyond the petitioner's control make it impossible to file the claim on time); United States v. Sosa, 364 F.3d 507, 512 - 513 (4th Cir. 2004)("As a general matter, the federal courts will apply equitable tolling because of a petitioner's mental condition only in cases of profound mental incapacity."). Specially, the Fourth Circuit stated as follows in Harris, *supra*, at 330:

> 'As a discretionary doctrine that turns on the facts and circumstances of a particular case, equitable tolling does not lend itself to bright-line rules.' Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999). The doctrine has been applied in 'two generally distinct situations. In the first, the plaintiffs were prevented from asserting their claims by

5

>some kind of wrongful conduct on the part of the defendant. In the second, extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time.' Alvarez-Machain v. United States, 107 F.3d 696, 700 (9th Cir. 1996) (citation omitted). But any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

Federal Courts invoke the doctrine of equitable tolling "only sparingly" and will not toll a statute of limitations because of "what is at best a garden variety claim of excusable neglect" on the part of the defendant." Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96, 111 S.Ct. 453, 458, 112 L.Ed.2d 435 (1990); See also Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S.Ct. 1807, 1814, 161 L.Ed.2d 669 (2005)("Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way.") Courts have been disinclined to find that physical and mental conditions amount to extraordinary circumstances sufficient for equitable tolling in the context of *habeas* proceedings. See for example Rhodes v. Sendowski, 82 F.Supp.2d 160, 171 (S.D.N.Y. 1999); Mazola v. United States, 294 Fed.Appx. 480, 2008 WL 4291334 (C.A.11(Fla.)); United States v. Bronson, 2009 WL 1813177 at * 5 - 7 (W.D.Pa.))(Summarizing cases); Bondurant v. United States, 2006 WL 691320 (M.D.Ala.)).

Having examined the record, the undersigned finds that Movant has not demonstrated that he pursued his rights under Section 2255 diligently and suffered a prolonged incapacitating physical or mental illness which prevented him from filing his Section 2255 Motion. The evidence which Movant has submitted indicates that he had an acute physical health problem which required that

he be hospitalized in September, 2002, but the Section 2255 limitation period did not begin to run until October 15, 2002, when the United States Supreme Court denied Movant's petition for review and Movant's conviction and sentence became final. The one-year period cannot therefore be tolled for the amount of time Movant was in the hospital as he was not in the hospital while the period was running. Movant has submitted no evidence indicating that his physical condition rendered him completely unable to file his Section 2255 Motion after October 15, 2002, when his conviction and sentence became final. Movant indicates that after his hospitalization, he was in a medical facility for eighteen months and in transit for five months, but these are not extraordinary circumstances. Movant has not demonstrated that there is any basis for the equitable tolling of Section 2255's one-year period of limitation. Accordingly, Movant's Section 2255 Motion must be dismissed as untimely.

### PROPOSAL AND RECOMMENDATION

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DISMISS** Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody filed on March 31, 2005 (Document No. 130.) and remove this matter from the Court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Robert C. Chambers. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, the parties shall have seventeen (17) days (fourteen days, filing of objections and three days, mailing/service) from the date

of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Chambers, and this Magistrate Judge.

The Clerk is requested to transmit a copy of this Proposed Findings and Recommendation to Movant who is acting *pro se* and counsel of record.

Date: June 10, 2010.

R. Clarke VanDervort
United States Magistrate Judge